UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MACTEC, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-255 |
| | ) | 3:06-CV-265 |
| | ) | (Phillips/Guyton) |
| BECHTEL JACOBS CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 96] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiff's Motion to Exclude Expert Testimony of James Nagle and William Guernier. [Doc. 93] The parties appeared before the Court on January 9, 2008, for a hearing on the instant motion. Attorneys John Threadgill and Chad Theriot appeared on behalf of the plaintiff, while attorneys Beverly Dean Nelms and Todd Wagnon appeared on behalf of the defendant.

The plaintiff has filed a motion challenging the admissibility of the testimony of James Nagle and William Guernier under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. The trial

judge enjoys broad discretion in determining whether the factors listed in Daubert reasonably measure reliability in a given case. Id. at 153. With this framework in mind, the Court will now address the plaintiff's motion.

With respect to Mr. Nagle, during the hearing, defense counsel stated that Mr. Nagle's testimony would no longer be needed at trial because the claim Mr. Nagle's testimony was relevant to has been dismissed. In light of defense counsel's statement, the plaintiff's motion [Doc. 93] is **DENIED in part as moot** with respect to Mr. Nagle.

With respect to Mr. Guernier, the defendant contends that Mr. Guernier is not qualified to opine on the Critical Path Method ("CPM") analysis performed by the defendant's expert; that, because of his limited research into the facts of the case, Mr. Guernier's analysis lacks an adequate basis in the fact; and that Mr. Guernier's opinions amount to an inappropriate commentary on the law governing the case, a matter best left for the trial judge's jury instructions.

The defendant disagrees, arguing that Mr. Guernier has extensive experience in the development and review of claims for damages caused by schedule delay and disruption, as well as experience working with other experts in CPM. The defendant further argue that Mr. Guernier has written a chapter in a construction law textbook regarding the calculation of construction damages, as well as a chapter in another book regarding disruption claims. Finally, the defendant contends that Mr. Guernier will not be offering legal opinions or otherwise commenting on the burden of proof.

Based upon the evidence of record, the Court finds that Mr. Guernier does have sufficient experience in the field of construction claims to provide the four opinions identified in his expert report. Specifically, the Court notes that while Mr. Guernier is, by his own admission, not

3

an expert in CPM, the Court finds that Mr. Guernier does have sufficient knowledge, experience, and training in working with construction claims and other CPM experts to offer the limited analysis represented in his opinions. With respect to the plaintiff's allegations that Mr. Guernier did not perform the research necessary to support his opinions, the Court finds that such issues can be addressed through the cross-examination of Mr. Guernier at trial. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Additionally, with respect to the arguments regarding a total cost claim versus a lost of productivity claim, it appears that the plaintiff misunderstands Mr. Guernier's opinion. Mr. Guernier's opinion focuses on the alleged failure of the plaintiff's expert, Mr. Beck, to properly perform a CPM analysis by failing to properly determine whether delays in construction were critical and by failing to determine the cause of the delays. Thus, Mr. Guernier opines that Mr. Beck's analysis is some sort of hybrid of a total cost approach and the CPM allegedly used by Mr. Beck. Given Mr. Guernier's experiences in working with CPM experts and in reviewing and handling claims, the Court finds that Mr. Guernier has the experience, knowledge, and training necessary to support such an opinion. While Mr. Guernier may not have the experience necessary to perform his own CPM analysis, he has sufficient experience in that area to comment on the flaws that he believes Mr. Beck may have made in his analysis. Accordingly, the plaintiff's motion [Doc. 93] is **DENIED in part** with respect to Mr. Guernier.

For the reasons set out more fully above, the Court the plaintiff's motion [Doc. 93] is hereby **DENIED in part as moot** with respect to Mr. Nagle and **DENIED in part** with respect to Mr. Guernier.

**IT IS SO ORDERED.**

                                                    **ENTER:**

                                                      s/ H. Bruce Guyton
                                                United States Magistrate Judge